UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARMANDO CARDENAS, JOSE F. CARDENAS, JUANITA SENTENO, VERONICA SIMMONS BAILEY, ISAIAH ALEXANDER, KATHY ALEXANDER AND SHONDA TATE on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>A.J. PIEDIMONTE AGRICULTURAL DEVELOPMENT, LLC; JAMES J. PIEDIMONTE & SONS, INC.; JAMES J. PIEDIMONTE & SONS, LLC; MAGC, INC. and ANTHONY JOSEPH PIEDIMONTE, in his individual capacity, and SCOTT JAMES BENNETT, in his individual capacity<br><br>Defendants. | **STIPULATION AND AGREEMENT OF SETTLEMENT**<br><br>**Civil Action No. 1:18-cv-881-EAW** |

## FINAL SETTLEMENT AGREEMENT AND RELEASE

This Final Settlement Agreement and Release (the "Agreement") is entered into by and between Plaintiffs (as hereinafter defined) and the opt-in Plaintiffs (as hereinafter defined) and Defendants (as hereinafter defined) (together, "the Parties")

### RECITALS

WHEREAS, Plaintiffs Armando Cardenas, Jose F. Cardenas, Juanita Senteno, Veronica Simmons Bailey, Isaiah Alexander, Kathy Alexander, and Shonda Tate commenced this lawsuit in the United States District Court for the Western District of New York ("WDNY") on August 8, 2018;

WHEREAS, Defendants A.J. Piedimonte Agricultural Development, LLC; James J. Piedimonte & Sons, Inc.; James J. Piedimonte & Sons, LLC; MAGC, Inc.; Anthony Joseph

Piedimonte, and Scott James Bennett (collectively "Defendants") Answered and interposed defenses to the action on October 4, 2018;

WHEREAS, on November 27, 2018, the Court issued a Decision and Order conditionally certifying the underlying lawsuit as a FLSA collective action;

WHEREAS, forty-one (41) additional Plaintiffs opted-in to participate in the action, including, Araceli Agustin, Tronton Bridley, Clarence Campbell, Christopher Capen, Miguel Cardenas, Bradley Chadsey, Dymon Close, Blossom Coger, April Colson, Chanel Conner, Donovan Conner, Tanya Conner, Logan DiPilato, Adam C. Drawbolt, Hali Edwards, Dean Farquharson, Paul Gulczewski, Jarred Hodgins, Jessi-Ray Ellen Igo, Marvalette Lloyd, Eugenia Maria Lopez Maya, Kenneth McNeil, Jerry Jason Nichols Jr., Everton Ohara, William Allen Page, Tanisha Luz Perez Martinez, Melissa Peruzzini, Pamela Rodriguez, Cheyenne Russaw, Monica Santes, Lynnette Schumacher, Robert Scott, Curtis Siler, Saprina Simmons, Devon Steward, David Saurez Rivera, William Weiss, Benith White, Brian White, Derek H. White, John T. Willis;

WHEREAS, the Parties have engaged in discovery including depositions, reviewing thousands of pages of documents exchanged by the Parties analyzing paystubs and payroll records;

WHEREAS, the Parties participated in a mediation session before Nelson Thomas, Esq., pursuant to this Court's mandatory mediation program on May 21, 2019;

WHEREAS, the Parties participated in a settlement conference on January 14, 2020, before United States Magistrate Judge Roemer;

WHEREAS, the Parties participated in additional settlement discussions during a status conference before United States Magistrate Judge Roemer on February 19, 2020, and reached an

agreement on the monetary value of a settlement and certain other terms, and thereafter reached a comprehensive agreement on all terms of settlement resulting in this Agreement;

WHEREAS, based upon their analysis and their evaluation of a number of factors, and recognizing the substantial risks of continued litigation with respect to certain claims, including the possibility that the litigation, if not settled now, might result in a recovery that is less favorable to the Plaintiffs, and that would not occur for several years, the Parties are satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate and that this Agreement is in the best interests of the parties;

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties agree to a full and complete settlement of the Litigation on the following terms and conditions:

1. **Definitions:**

   a. **Agreement.** "Agreement" shall mean this Final Settlement Agreement and Release.

   b. **Claims Administrator**. "Claims Administrator" shall mean the entity selected by the Parties to administer payment of the settlement to Plaintiffs and Opt-In Plaintiffs.

   c. **Settlement Fund**. "Settlement Fund" shall mean the total settlement fund of two hundred fifty thousand dollars and no cents ($250,000.00).

   d. **Covered Release Period.** "Covered Release Period" shall mean, August 8, 2012 through the date the Court issues an Order Approving the Parties' Settlement.

   e. **Court.** "Court" shall mean the United States District Court for the Western District of New York.

f. **Effective Date**. The "Effective Date" is the date on which this Agreement becomes effective, which shall mean seven days after the date on which the Court issues its order granting approval of the settlement agreement.

g. **Claims Administrator's Fees**. The "Claims Administrator's Fees" incurred shall be paid from the Settlement Fund. The parties will obtain a quote from the Claims Administrator. The quote will represent the Claims Administrator's estimate, based on the size of the Plaintiff group and the number of distributions under the terms of this Settlement, and the costs for administration of the terms of this Settlement. All of the Claims Administration Costs shall be paid from the Settlement Amount upon completion of the duties required to be performed by the Settlement Administrator under the terms of this Settlement, or as otherwise agreed to by the Settling Parties or required by the Court. The Claims Administrator's Fees will be paid out over the course of the settlement period.

2.    **Payment**: As consideration for Plaintiffs' agreement to be bound by the terms of this Agreement, Defendants Agree to pay Plaintiffs the total sum of two hundred fifty thousand dollars ($250,000.00) ("Settlement Amount") over a period of five installments spanning more than five years in the following manner:

a. Defendants shall make the following payments into an interest-bearing Escrow Account established by the Claims Administrator:

   i.   $50,000 no later than 30 days after the Effective Date of this Agreement ("First Installment Payment");

   ii.  $50,000 no later than September 1, 2021 ("Second Installment Payment");

   iii. $50,000 no later than October 1, 2022 ("Third Installment Payment");

      iv.  $50,000 no later than November 1, 2023 ("Fourth Installment Payment");

      v.  $50,000 no later than December 1, 2024 ("Fifth Installment payment");

b.  The payments made to Plaintiffs and Opt-In Plaintiffs by the Claims Administrator shall be paid on IRS form 1099 and W-2.

      i.  For tax purposes, all payments to Plaintiffs to this Agreement shall be allocated 25% to alleged back wages and 75% to statutory penalties and liquidated damages. Payments treated as alleged back wages shall be made net of all applicable employment taxes, including, without limitation, federal, state and local income tax withholding and the employee share of the FICA tax, and shall be reported to the IRS and the payee under the payee's name and social security or ITIN number on an IRS Form W-2. Payments treated as statutory penalties and liquidated damages shall be made without withholding and shall be reported to the IRS and the payee, to the extent required by law, under the payee's name and social security or ITIN number on an IRS Form 1099.

      ii.  Distributions for Plaintiffs and Opt-In Plaintiffs shall be calculated by apportioning the netSettlement Amount after attorneys' fees and costs and the claims administrator's costs and distributing it based on each Plaintiffs' proportion of potential recovery, as calculated from Plaintiffs' damages calculation submitted in Plaintiffs' Motion for Judgment by Default, *ECF Docket Entry 92.*

c.  The payment made to Plaintiffs' Counsel as Attorneys' Fees and Costs shall be paid to Plaintiffs' Counsel from the Settlement Fund in five installments.

d.  The Claims Administrator shall mail to all Plaintiffs, Opt-In Plaintiffs, and
Plaintiffs' Counsel their distributable shares from the Settlement Fund within 15
days of the First, Second, Third, Fourth, and Fifth Installment Payments.

    i.  The Claims Administrator shall use reasonable efforts to make an
additional mailing to Plaintiffs and Opt-Ins whose checks are returned
because of incorrect addresses for each distribution.  Such efforts shall
include using social security numbers to obtain better address information.
Any additional efforts undertaken shall be in the discretion of the Claims
Administrator but Plaintiffs' Counsel shall be permitted to monitor and
direct such efforts for the purpose of assuring reasonable containment of
administration expenses.  The Claims Administrator shall not utilize or
disclose information received in connection with this Agreement except in
connection with executing the terms of this Agreement.

e.  There will be no reversion to the Defendants.  The entire Settlement Fund will be
divided among Plaintiffs and Opt-In Plaintiffs based on their proportion of total
recovery. After all allocations, the Claims Administrator will redistribute to
Plaintiffs and Opt-In Plaintiffs who have cashed their checks any amounts
remaining in the Settlement Fund according to the formula set forth herein.
Under this reallocation of unclaimed funds, individual Plaintiffs and Opt-In
Plaintiffs will receive a share of the unclaimed funds total potential recovery.

f.  All payments to Plaintiffs and Opt-In Plaintiffs pursuant to this Agreement shall
be deemed to be paid to such individuals solely in the year in which such
payments actually are sent by the Claims Administrators.

3. **Confession of Judgment**

    a.  Defendants will provide Plaintiffs with confessions of judgment totaling seven hundred thousand dollars ($700,000.00), to be held by Plaintiffs' counsel; it is agreed and stipulated that the confession of judgment in the default amount is a sine qua non of settlement in this case, and the Plaintiffs would not have entered into this settlement without this as a consideration for accommodating the Defendants' desire and need for an extended period of time to make payment of the Settlement Amount. Defendants, desiring to enter into the settlement, warrant and covenant that after consultation with experienced counsel, that neither the default amount and/or the confessions given hereunder constitute a penalty or forfeiture under the substantive law of contract of the State of New York. Defendants warrant and covenant that no such argument will be made at any future time in any application to vacate any judgment, or in opposition to any application for the entry of judgment.

    b.  A copy of the confessions of judgment are annexed hereto as Exhibit A.

    c.  On January 1, 2023, Defendants will provide Plaintiffs with a new confession of judgment totaling fix hundred fifty thousand dollars ($550,000.000), to be held by Plaintiffs' counsel; it is agreed and stipulated that the confession of judgment in the default amount is a sine qua non of settlement in this case, and the Plaintiffs would not have entered into this settlement without this as a consideration for accommodating the Defendants' desire and need for an extended period of time to make payment of the Settlement Amount. Defendants, desiring to enter into the settlement, warrant and covenant that after consultation with experienced counsel,

that neither the default amount and/or the confessions given hereunder constitute a penalty or forfeiture under the substantive law of contract of the State of New York. Defendants warrant and covenant that no such argument will be made at any future time in any application to vacate any judgment, or in opposition to any application for the entry of judgment.

d. This confession of judgment described in Section 3(c) will mirror that of the confession of judgment described in Section 3(a). When Defendants provide Plaintiffs with the confession of judgment described in Section 3(c) Plaintiffs will destroy the confession of judgment described in Section 3(a).

e. Failure to provide the confession of judgment described in Section 3(c) constitutes a material breach of this agreement and entitles Plaintiffs to file the confession of judgment described in Section 3(a).

f. Defendants provide Plaintiffs with this confession of judgment voluntarily, knowingly, and intelligently.

g. If Defendants fail to comply with the requirements set forth in Section 2, Plaintiffs shall provide written notice to Defendants, of the default.  Defendants shall have thirty (30) days to cure the default.  In the event that Defendants do not cure the default within the thirty (30) day period, Plaintiffs may file the confession of judgment described in Section 3(a) or 3(c).

4. On April 10, 2020, Plaintiffs shall cause to be filed a letter Motion to Approve Settlement Agreement. The parties shall exchange signed copies of this agreement within seven days of the Court's approval of the settlement. Following the Court's approval and

upon receipt of one signed copy of the Settlement Agreement and Release and executed Confessions of Judgment, Plaintiffs shall file a Dismissal of Action with the Court.

5.     Plaintiffs shall stipulate to the dismissal of all claims which were filed in this action, and each party shall bear its own costs, disbursements, and attorneys' fees pertaining thereto apart from any payments included within the above referenced settlement amount. The parties shall cooperate fully with each other in connection with any steps required to be taken as part of their obligations under this Agreement. This Agreement is expressly conditioned upon the actual dismissal of the claims made by Plaintiff.  If the Court refuses or fails to dismiss the claims on the terms set forth in the annexed Stipulation of Dismissal this Agreement shall be null and void.

6.     **<u>Release</u>**:

a.   Named Plaintiffs fully and forever releases, relieves, waives, relinquishes and discharges from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims and demands, which they had, now have or may have had against Defendants arising out of, by reason of, or relating in any way whatsoever to the allegations contained in the Complaint  from the beginning of the world to the date on which they execute this Agreement and Release, including: (i) those relating to wages/compensation allegedly owed and (ii) claims arising under the Fair Labor Standards Act ("FLSA"); New York Labor Law ("NYLL"), and Migrant and

Seasonal Agricultural Worker Protection Act ("AWPA"), and breach of contract before or at the time of the signing of this Agreement and Release.

b. Opt-In Plaintiffs will release their claims through the signature line on their settlement checks, which fully and forever releases, relieves, waives, relinquishes and discharges from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims and demands, which they had, now have or may have had against Defendants arising out of the allegations contained in the Complaint  from the beginning of the world to the date on which they execute this Agreement and Release, including: (i) those relating to wages/compensation allegedly owed and (ii) claims arising under the Fair Labor Standards Act ("FLSA"); New York Labor Law ("NYLL"), and Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), and breach of contract before or at the time of the signing of this Agreement and Release.

c. Excluded from this waiver and release is any claim or right that cannot be waived by law, including (i) workers' compensation claims, and (ii) all claims arising after the date of this Agreement.

d. The release described in Section 6 applies to all Defendants, and shall mean and include the corporations, its predecessors, parents, subsidiaries, successors, assignees, and all current, former, or retired officers, directors, principals, shareholders, owners, members, employee benefit plan fiduciaries, and agents (all in their individual and representative capacities).

10

7.      **Non-Disparagement:** The parties mutually agree that they shall not make any oral or written statement that disparages the other party.

8.      **No Other Claims Pending**: Plaintiffs warrant and represents that no other charges, actions, or claims are pending or contemplated against Defendants on his or others' behalf concerning the matters herein or related matters.

9.      **Remedies**: The Parties agree that the money damages will not be a sufficient remedy for any breach of this Agreement and Release and that, in addition to all other remedies, in the event of such a breach, the non-breaching party shall be entitled to specific performance and injunctive or other equitable relief as a remedy if ordered by a court with jurisdiction. The parties agree to work together in good faith to resolve any dispute relating to an alleged breach of this agreement.  If the dispute cannot be resolved through said efforts, the aggrieved party may seek to restore this case to the Court's calendar upon 10 days written notice, for enforcement of the terms of this agreement.  Neither party nor their counsel shall be entitled to any fee shifting in the enforcement of this agreement.

10.     **Acknowledgements**: Plaintiffs acknowledge that they: (a) have had a sufficient opportunity to consider this Agreement; (b) have consulted with an attorney of their own choosing in connection with this Agreement.

11.     **Consideration Period**: Plaintiffs acknowledges that they have been given a period of at least twenty-one days to consider the terms of this Agreement and Release and, if he should execute it before the expiration of the twenty-one day consideration period, knowingly waives his right to consider this Agreement and Release for twenty-one days.

12.     **Revocation Period**: Plaintiffs acknowledges that they may, for a period of seven (7) calendar days following the execution of this Agreement, revoke his acceptance thereof.

This revocation must be done in writing and delivered by mail and e-mail to Defendants, before the close of business on the seventh day following his execution of this Agreement.

13. **General**: If any term or provision of this Agreement, or the application thereof to any person or circumstances (including without limitation, based on signature(s), will to any extent be invalid or unenforceable, the remainder of this Agreement, or the application of such terms to persons or circumstances other than those as to which it is invalid or unenforceable, will not be affected thereby, and each term of this Agreement will be valid and enforceable to the fullest extent permitted by law.

14. **Arm's Length Transaction; Materiality of Terms:**  The Parties have negotiated all the terms and conditions of this Agreement at arm's length.  All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement.

15. **Forum**: This Agreement shall be construed as a whole in accordance with its fair meaning and in accordance with the laws of the State of New York applying to contracts to be performed wholly within the State of New York, without regards to New York's conflicts of law principles. The parties agree to submit to the jurisdiction of the United States District Court for the Western District of New York for the purpose of any dispute arising out of or relating to this Agreement.

16. This Agreement represents the sole and entire agreement between the parties hereto and supersedes all prior agreements, negotiations and discussions between the parties hereto, and their respective counsel, with respect to the subject matters covered hereby.

17.     Any amendment to this Agreement must be in writing signed by dully authorized representatives of the parties hereto and stating the intent of the parties to amend this Agreement.

18.     This Agreement may be executed by each Party in separate counterparts, each of which shall be deemed an original and the sum of which shall constitute one document. Any party may execute this Agreement by causing its counsel to sign on the designated signature block below and transmitting that signature page via facsimile or email to counsel for the other party.  Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

19.     Cooperation Among the Parties; Further Acts. The Parties shall cooperate fully with each other and shall use their best efforts to obtain the Court's approval of this Agreement and all of its terms.  Each of the Parties, upon the request of any other party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

**On Behalf of Plaintiffs:**                    **On Behalf of Defendants:**


_____                    _____
Armando Cardenas                                A.J. Piedimonte Agricultural
_____                    Development, LLC
Jose F. Cardenas
                                                _____
_____                    James J. Piedimonte & Sons, Inc.
Juanita Senteno

_____                    _____
Veronica Simmons Bailey                         James J. Piedimonte & Sons, LLC


_____                    _____
Isaiah Alexander                                MAGC, INC.


_____                    _____
Kathy Alexander                                 Anthony Joseph Piedimonte


_____                    _____
Shonda Tate                                     Scott James Bennett

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARMANDO CARDENAS, JOSE F. CARDENAS, JUANITA SENTENO, VERONICA SIMMONS BAILEY, ISAIAH ALEXANDER, KATHY ALEXANDER AND SHONDA TATE on behalf of themselves and all others similarly situated,<br><br> Plaintiffs,<br><br>v.<br><br>A.J. PIEDIMONTE AGRICULTURAL DEVELOPMENT, LLC; JAMES J. PIEDIMONTE & SONS, INC.; JAMES J. PIEDIMONTE & SONS, LLC; MAGC, INC. and ANTHONY JOSEPH PIEDIMONTE, in his individual capacity, and SCOTT JAMES BENNETT, in his individual capacity<br><br> Defendants. | **AFFIDAVIT OF CONFESSION OF JUDGMENT**<br><br>**Civil Action No. 1:18-cv-881-EAW** |

## <u>AFFIDAVIT OF CONFESSION OF JUDGMENT</u>

STATE OF NEW YORK       )
COUNTY OF ORLEANS      ) ss.:

Anthony Joseph Piedimonte, being duly sworn, deposes and says:

1.      I am an owner of A.J. Piedimonte Agricultural Development, LLC; James J. Piedimonte & Sons, Inc.; James J. Piedimonte & Sons, LLC; and MAGC, Inc. (collectively, "Piedimonte Farms") located in and around Holley, New York. Currently, I reside in Orleans County. As such, I am duly authorized to and do submit this affidavit on behalf of myself, individually, and on behalf of Piedimonte Farms.

2.      Piedimonte Farms and I hereby confess judgment in the above-captioned action in favor of Plaintiffs and Opt-in Plaintiffs, Armando Cardenas, Jose F. Cardenas, Juanita

Senteno, Veronica Simmons Bailey, Isaiah Alexander, Kathy Alexander, Shonda Tate, Araceli Agustin, Tronton Bridley, Clarence Campbell, Christopher Capen, Miguel Cardenas, Bradley Chadsey, Dymon Close, Blossom Coger, April Colson, Chanel Conner, Donovan Conner, Tanya Conner, Logan DiPilato, Adam C. Drawbolt, Hali Edwards, Dean Farquharson, Paul Gulczewski, Jarred Hodgins, Jessi-Ray Ellen Igo, Marvalette Lloyd, Eugenia Maria Lopez Maya, Kenneth McNeil, Jerry Jason Nichols Jr., Everton Ohara, William Allen Page, Tanisha Luz Perez Martinez, Melissa Peruzzini, Pamela Rodriguez, Cheyenne Russaw, Monica Santes, Lynnette Schumacher, Robert Scott, Curtis Siler, Saprina Simmons, Devon Steward, David Saurez Rivera, William Weiss, Benith White, Brian White, Derek H. White, John T. Willis, (collectively, "Plaintiffs and Opt-in Plaintiffs") in the sum of $700,000.00, plus costs and attorneys' fees.

3.      Piedimonte Farms principal places of business are located at 16662 Telegraph Road, Holley New York, 14470; 16490 Telegraph Road, Holley, New York 14470; and 88 Cadbury Way, Holley, New York, 14470. Piedimonte Farms and I consent to jurisdiction and venue and further authorize entry of judgment in the United States District Court for the Western District of New York located in Buffalo, New York.

4.      This confession of judgment is for a debt justly due and owing from Piedimonte Farms and myself to Plaintiffs and Opt-in Plaintiffs arising from the facts alleged in the Complaint initiating this lawsuit, dated August 8, 2018, (ECF Docket Entry 1). In summary, the underlying facts include the following:

a.  Plaintiffs and Opt-in Plaintiffs were employed by Piedimonte Farms and myself for varying lengths of time. Plaintiffs performed a range of physical labor including planting,

weeding, picking, chopping, sorting and cleaning produce from mine and Piedimonte Farms' operations as well as worked on produce from other farms.

b.  Piedimonte Farms and myself did not pay Plaintiff and Opt-In Plaintiffs overtime wages at a rate of one and one half times their regular rate of pay for hours worked over forty in a work week. Piedimonte Farms and myself did not pay Plaintiff and Opt-in Plaintiffs wages at the Adverse Effect Wage Rate when they performed corresponding employment to guestworkers. Piedimonte Farms and myself did not furnish Plaintiffs and Opt-In Plaintiffs with proper written pay notice at the time of hiring or provide Plaintiffs and Opt-In Plaintiffs with proper wage statements.

c.  On August 8, 2018, Plaintiffs initiated the lawsuit, Civil Action No. 1:18-cv-881-EAW, against Piedimonte Farms and myself alleging violations of the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), the Agricultural Worker Protection Act ("AWPA"), and breach of contract. *ECF Docket Entry 1.*

d.  On January 7, 2020, Plaintiffs and Opt-In Plaintiffs moved for Motion for Judgment by Default in the lawsuit, Civil Action No. 1:18-cv-881-EAW, seeking $783,038.35 in damages, $69,827.19 in attorneys' fees and costs; post judgment interest; and any other relief the Court deemed just and proper. *ECF Docket Entry 92.*

e.  Prior to a ruling on Plaintiffs' Motion for Judgment by Default, the lawsuit, Civil Action No. 1:18-cv-881-EAW, was resolved through a Settlement Agreement. Piedimonte Farms and myself agreed to make five installment payments to Plaintiffs and Opt-In Plaintiffs pursuant to the Agreement. In the Agreement, it was agreed and stipulated that this Confession of Judgment in the default amount was a sine qua non of settlement in the case, and the Plaintiffs would not have entered into the settlement without this as a

consideration for accommodating the Pieidmonte Farms and my desire and need for an extended period of time to make payment of the Settlement Amount. I warrant and covenant that after consultation with experienced counsel, that neither the default amount and/or the confessions given hereunder constitute a penalty or forfeiture under the substantive law of contract of the State of New York.

f.   Piedimonte Farms and myself authorize Plaintiff and Opt-in Plaintiffs as part of the Settlement Agreement, to enter judgment in the amount of $700,000.00, less any payments made under the Settlement Agreement, based on this confession of judgment, in the event that Piedimonte Farms, or myself materially breach and default on the payment obligations provided for in the Settlement Agreement.

5.   Accordingly, I confess judgment in favor of Plaintiffs and Opt-in Plaintiffs and authorize entry thereof against Piedimonte Farms and myself, individually, in the sum of $700,000.00, or that amount less than $700,000.00 that remains due and owing to Plaintiff and Opt-in Plaintiffs on the date that this confession of judgment is present to the Clerk for entry, whichever is less, plus costs and attorneys' fees..

_____
A.J. Piedimonte Agricultural
Development, LLC

_____
James J. Piedimonte & Sons, Inc.

_____
James J. Piedimonte & Sons, LLC

_____
MAGC, INC.

18

_____
Anthony Joseph Piedimonte

Sworn to before me this ____ day
of _____ 2020.


_____
Notary Public

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARMANDO CARDENAS, JOSE F. CARDENAS, JUANITA SENTENO, VERONICA SIMMONS BAILEY, ISAIAH ALEXANDER, KATHY ALEXANDER AND SHONDA TATE on behalf of themselves and all others similarly situated,<br><br>       Plaintiffs,<br><br>         v.<br><br>A.J. PIEDIMONTE AGRICULTURAL DEVELOPMENT, LLC; JAMES J. PIEDIMONTE & SONS, INC.; JAMES J. PIEDIMONTE & SONS, LLC; MAGC, INC. and ANTHONY JOSEPH PIEDIMONTE, in his individual capacity, and SCOTT JAMES BENNETT, in his individual capacity<br><br>       Defendants. | **AFFIDAVIT OF CONFESSION OF JUDGMENT**<br><br>**Civil Action No. 1:18-cv-881-EAW** |

## AFFIDAVIT OF CONFESSION OF JUDGMENT

STATE OF NEW YORK    )
COUNTY OF ORLEANS   ) ss.:

     Scott James Bennett, being duly sworn, deposes and says:

    6.     I am a former manager of A.J. Piedimonte Agricultural Development, LLC;

James J. Piedimonte & Sons, Inc.; James J. Piedimonte & Sons, LLC; and MAGC, Inc.

(collectively, "Piedimonte Farms") located in and around Holley, New York. Currently, I

reside in Orleans County. I submit this affidavit on behalf of myself.

7.      I hereby confess judgment in the above-captioned action in favor of Plaintiffs and Opt-in Plaintiffs, Armando Cardenas, Jose F. Cardenas, Juanita Senteno, Veronica Simmons Bailey, Isaiah Alexander, Kathy Alexander, Shonda Tate, Araceli Agustin, Tronton Bridley, Clarence Campbell, Christopher Capen, Miguel Cardenas, Bradley Chadsey, Dymon Close, Blossom Coger, April Colson, Chanel Conner, Donovan Conner, Tanya Conner, Logan DiPilato, Adam C. Drawbolt, Hali Edwards, Dean Farquharson, Paul Gulczewski, Jarred Hodgins, Jessi-Ray Ellen Igo, Marvalette Lloyd, Eugenia Maria Lopez Maya, Kenneth McNeil, Jerry Jason Nichols Jr., Everton Ohara, William Allen Page, Tanisha Luz Perez Martinez, Melissa Peruzzini, Pamela Rodriguez, Cheyenne Russaw, Monica Santes, Lynnette Schumacher, Robert Scott, Curtis Siler, Saprina Simmons, Devon Steward, David Saurez Rivera, William Weiss, Benith White, Brian White, Derek H. White, John T. Willis, (collectively, "Plaintiffs and Opt-in Plaintiffs") in the sum of $700,000.00, plus costs and attorneys' fees.

8.      I reside in Orleans County and I consent to jurisdiction and venue and further authorize entry of judgment in the United States District Court for the Western District of New York located in Buffalo, New York.

9.      This confession of judgment is for a debt justly due and owing by myself to Plaintiffs and Opt-in Plaintiffs arising from the facts alleged in the Complaint initiating this lawsuit, dated August 8, 2018. *ECF Docket Entry 1*. In summary, the underlying facts include the following:

a.  Plaintiffs and Opt-in Plaintiffs were employed by Piedimonte Farms and myself, as a manager, for varying lengths of time. Plaintiffs performed a range of physical labor

including planting, weeding, picking, chopping, sorting and cleaning produce from Piedimonte Farms' operations as well as worked on produce from other farms.

b.  Plaintiff and Opt-In Plaintiffs were not paid overtime wages at a rate of one and one half times their regular rate of pay for hours worked over forty in a work week. Plaintiff and Opt-in Plaintiffs were not paid wages at the Adverse Effect Wage Rate when they performed corresponding employment to guestworkers. Plaintiffs and Opt-In Plaintiffs were not furnished with proper written pay notice at the time of hiring or provided with proper wage statements.

c.  On August 8, 2018, Plaintiffs initiated the lawsuit, Civil Action No. 1:18-cv-881-EAW, against Piedimonte Farms and myself alleging violations of the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), the Agricultural Worker Protection Act ("AWPA"), and breach of contract. *ECF Docket Entry 1.*

d.  On January 7, 2020, Plaintiffs and Opt-In Plaintiffs moved for Motion for Judgment by Default in the lawsuit, Civil Action No. 1:18-cv-881-EAW, seeking $783,038.35 in damages, $69,827.19 in attorneys' fees and costs; post judgment interest; and any other relief the Court deemed just and proper. *ECF Docket Entry 92.*

e.  Prior to a ruling on Plaintiffs' Motion for Judgment by Default, the lawsuit, Civil Action No. 1:18-cv-881-EAW, was resolved through a Settlement Agreement. I agreed to make five installment payments to Plaintiffs and Opt-In Plaintiffs pursuant to the Agreement. In the Agreement, it was agreed and stipulated that this Confession of Judgment in the default amount was a sine qua non of settlement in the case, and the Plaintiffs would not have entered into the settlement without this as a consideration for accommodating the Pieidmonte Farms and my desire and need for an extended period of time to make

payment of the Settlement Amount. I warrant and covenant that after consultation with experienced counsel, that neither the default amount and/or the confessions given hereunder constitute a penalty or forfeiture under the substantive law of contract of the State of New York.

f.  I authorize Plaintiff and Opt-in Plaintiffs as part of the Settlement Agreement, to enter judgment in the amount of $700,000.00, less any payments made under the Settlement Agreement, based on this confession of judgment, in the event that I materially breach and default on the payment obligations provided for in the Settlement Agreement.

10. Accordingly, I confess judgment in favor of Plaintiffs and Opt-in Plaintiffs and authorize entry thereof against Piedimonte Farms and myself, individually, in the sum of $700,000.00, or that amount less than $700,000.00 that remains due and owing to Plaintiff and Opt-in Plaintiffs on the date that this confession of judgment is present to the Clerk for entry, whichever is less, plus costs and attorneys' fees..

_____
Scott James Bennett

Sworn to before me this \_\_\_ day
of \_\_\_\_ 2020.

_____
Notary Public